**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-00829-JLK

SHARON KING and
PAUL SPOTTS, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

CITY OF COLORADO SPRINGS,

    Defendant.

---

**ORDER GRANTING UNOPPOSED MOTION FOR CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY, APPOINTMENT OF CLASS COUNSEL, AND PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT**

---

Kane, J.

    Plaintiffs, Sharon King and Paul Spotts ("Plaintiffs"), on behalf of themselves and all others similarly situated, filed a motion with the Court requesting Class Certification for Settlement Purposes Only, Appointment of Class Counsel, and Preliminary Approval of the Proposed Class Settlement ("Motion"). Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court **GRANTS** the Motion (CM/ECF No. 5).

    NOW, THEREFORE, IT IS HEREBY ORDERED:

    1.    The Court finds, for purposes of settlement only, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Class Members in a single proceeding would be impracticable, if not

impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for the purposes of the settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the sort of practices alleged in the Complaint; and (f) the City acted or refused to act on grounds that apply generally to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class. Accordingly, the Court hereby certifies the proposed Settlement Class pursuant to Federal Rules of Civil Procedure 23, and appoints named Plaintiffs and their counsel as representatives of the Settlement Class.

2. The Court hereby preliminarily approves the Proposed Class Settlement ("Settlement"), as set forth in the Class Action Settlement Agreement ("Agreement") attached hereto as Exhibit A. The Court finds on a preliminary basis that the Settlement is fair, adequate and reasonable to all potential Class Members. It further appears that extensive evaluation of the merits has been conducted such that counsel for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Settlement. It

further appears that the Settlement has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations.

3. The Court hereby approves, as to form and content, the proposed Notice, attached as Exhibit 4 to the Settlement. The Court find that the distribution of the Notice in the manner and form set forth in the Agreement meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). This Notice is the best practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Parties shall submit declarations to the Court as part of their Joint Motion for Order Granting Final Approval of Class Settlement and Appointment of Special Master confirming compliance with the notice provisions of the Settlement.

4. A hearing on final approval of the Settlement ("Fairness Hearing") shall be held before the Court on WEDNESDAY, AUGUST 21, 2019, AT 10:30 A.M. to determine all necessary matters concerning the Settlement, including whether the proposed Settlement terms and conditions are fair, adequate, and reasonable, and whether the Settlement should receive final approval by the Court, as well as to rule on Class Counsel's motion requesting an award of reasonable attorney fees, costs and expenses.

5. Objections by Class Members may be submitted to Class Counsel no later than JULY 18, 2019, (the "Objection Deadline"). Any Class Member may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Class Member who wishes to object to the proposed

Settlement may serve on Class Counsel a written statement of objection no later than JULY 18, 2019, the "Objection Deadline." Such statement should include: (a) the name, address, and, if available, telephone number and e-mail address of the Class Member objecting and, if represented by counsel, of his or her counsel; (b) a statement of the Class Member's objections; and (c) a statement of his or her membership in the Settlement Class.

6. Any Class Member who wishes to object to the proposed Settlement may also present objections at the Fairness Hearing.

7. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Members' objection to the Settlement, in accordance with the due process rights of all Class Members.

8. Class Counsel shall provide copies of any objections to Defendant's counsel within two (2) court days of receipt. Class Counsel shall also file any objections with the Court on or before AUGUST 8, 2019.

9. Pending the Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement and this Order, are hereby stayed. Additionally, the Court enjoins all Class Members from asserting or maintaining any claims to be released by the Settlement until the date of the Fairness Hearing.

10. In accordance with the above, the Court adopts the following schedule:

a. On or before APRIL 1, 2019, the City will place a link to the Notice in the form of Exhibit 4 to the Agreement on its website, and Class Counsel will post the Notice in the form of Exhibit 4 to the Agreement on its website and will mail it to its members via U.S. mail.

b. On or before APRIL 1, 2019, Class Counsel will email the Notice in the form of Exhibit 4 to the Agreement, to the organizations listed in Exhibit 5 to the Agreement, requesting that they circulate the Notice to their mailing lists.

c. Each Class Member shall be given a full opportunity to object to the proposed Settlement and Class Counsel's request for an award of reasonable attorney fees, expenses, and costs, and to participate at the Fairness Hearing. Any Class Member seeking to object to the proposed Settlement may submit an objection to Class Counsel in writing, via regular or electronic mail, or by leaving a message with their objection via telephone, TTY, and/or Video Relay Service on any toll free number established by Class Counsel, or may appear at the Fairness Hearing to make the objection, as set forth hereinabove.

d. On or before JULY 10, 2019, Plaintiffs shall file a Motion for an Award of Reasonable Attorney Fees, Expenses, and Costs. The hearing on that Motion shall be concurrent with the Fairness Hearing, AUGUST 21, 2019, AT 10:30 A.M.

    e. The Parties shall file a Joint Motion for Final Approval and respond to objections, if any, on or before AUGUST 8, 2019. All Parties shall file statements of compliance with notice requirements.

    f. The Fairness Hearing shall be held on AUGUST 21, 2019, at 10:30 A.M. before Judge John L. Kane in Courtroom A802 of the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.

11. In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement, or the Settlement is terminated pursuant to its terms for any reason or the Effective Date does not occur for any reason, then the Settlement and all orders and findings entered in connection with the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against the City of any fault, wrongdoing, breach, or liability. It shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.

Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Class Members that their claims lack

merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

**IT IS SO ORDERED.**

Dated: March 22, 2019              BY THE COURT:

_____
JOHN L. KANE
SENIOR U.S. DISTRICT JUDGE